**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:  VAUDO, JOSEPH A.<br>SSN: xxx-xx-8895<br>                              Debtor(s) | Chapter 13<br>Case No. 19-10740-FJB |

**TRUSTEE'S OBJECTION TO CONFIRMATION OF**
**THE DEBTOR'S CHAPTER 13 PLAN**

Now comes Carolyn A. Bankowski, Standing Chapter 13 Trustee ("Trustee"), and respectfully objects to confirmation of the Debtor's Amended Chapter 13 Plan, (the "Plan"), and for reasons says as follows:

1. The Debtor filed a Chapter 13 petition for bankruptcy relief on March 7, 2019.

2. On April 16, 2019 the Trustee convened and presided at a Section 341 Meeting of Creditors wherein the Debtor appeared with Counsel was sworn and examined.

3. The Debtor filed the Plan on May 24, 2019. The Trustee is unable to recommend confirmation at this time.

4. In Part 2.A. Plan Length and Payments: the Debtor checks the box '*60 Months 11 U.S.C. subsection 1325(b)(4)(a)(ii)*'. However, review of the 122C Form shows the Debtor is '*below median*'. Therefore the box '*Months. 11 U.S.C. subsection 1322(d)(2)*' should be checked and a Statement of Cause should be provided. The Trustee asserts that the Debtor fails to provide a Statement of Cause in support of the 60 month term.

5. Review of Part 8 Non-Standard Provisions evidences that the Debtor states the following with respect to the secured claim held by Anthony Prevett: *The Debtor is in the process of listing 19 Grove Street, Sandwich, MA, and his business Mr. Vaudo's Fish Market located at 8 Gallo Road, Sandwich, MA for sale to pay in full the debt owed to Anthony Prevett.* However, the Plan fails to specify a timeline or alternative treatment should the property and business not sell. The Debtor's Plan is not feasible unless the property and business are sold.

6. Further, Amended Schedule I reflects increased income on line 8b from $2,500.00 per month to $48,963.25 per month with no explanation or documentation to show the source of the increased income The Trustee cannot determine if the income listed is accurate without further documentation and cannot determine if the Plan is feasible.

7. Based on the aforementioned, the Trustee is unable to recommend the Plan for confirmation at this time.

WHEREFORE, the Trustee requests that the Court sustain the objection to confirmation and for such other relief as is proper.

Dated: May 31, 2019

Respectfully submitted,
Carolyn A. Bankowski
Standing Chapter 13 Trustee
By: **/s/ Carolyn A. Bankowski**
Carolyn A. Bankowski, BBO# 631056
Patricia A. Remer, BBO #639594
Office of the Chapter 13 Trustee
PO Box 8250
Boston, MA  02114-0033
(617) 723-1313
13Trustee@ch13boston.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re: VAUDO, JOSEPH A.
SSN: xxx-xx-8895
Debtor(s)

Chapter 13
Case No. 19-10740-FJB

## Certificate of Service

The undersigned hereby certifies that on <u>May 31, 2019</u>, a copy of the Trustee's Objection to Debtors Chapter 13 Plan was served via electronic filing, first class mail, postage prepaid on the debtor and debtor's counsel at the addresses set forth below.

Joseph A. Vaudo
P.O. Box 248
Sandwich, MA 02563

Peter M. Daigle, Esq.
1550 Falmouth Road
Suite 10
Centerville, MA 02632

By: **/s/ Carolyn A. Bankowski**
Carolyn A. Bankowski