UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                     )
IN RE:                                           )            Chapter 13
                                                     )
Joseph A Vaudo, Debtor              )            Case No. 19-10740
_____ )


# MOTION OF ANTHONY PREVETT FOR RELIEF FROM THE AUTOMATIC STAY TO FORECLOSE MORTGAGE

Secured Creditor Anthony Prevett ("the Lender"), the present holder of a mortgage granted by the above-referenced Debtor as to two parcels of real property known and numbered as:

1. 298 Route 6A, Sandwich, MA, the debtor's principal residence and

2. 19 Grove Street, Sandwich, MA, (the "Properties"),

by his attorney, hereby moves that this Court enter an Order granting the Lender relief from the automatic stay provisions of 11 U.S.C. Section 1301(a) pursuant to 11 USC 362(d)(1) lack of adequate protection or 362(d0(2) as there is no equity in the property and it is not needed for an effective reorganization, thereby allowing him to exercise any and all of his contractual and state law rights and remedies with respect to the Properties.

In support of its Motion, the Lender states as follows:

1. On September 7, 2016 Joseph A. Vaudo (the "Debtor") borrowed from the Lender the sum of $650,000.00 which transaction is evidenced by a promissory note executed by the Debtor (hereinafter the "First Note") a copy of which is attached as Exhibit A. On December 2, 2016 the Debtor borrowed the sum of $150,000.00 from the lender which transaction is evidenced by an amendment to the Promissory Note, a copy of which is Attached as Exhibit A.

2. On August 9, 2017 the Debtor borrowed from the Lender the sum of $150,000. which transaction is evidenced by a promissory note executed by the Debtor (hereinafter the "Second Note") a copy of which is attached as Exhibit B.

3. The First Note is secured by a mortgage of even date on the property known as 298 Route 6A, Sandwich, MA, the debtor's principal residence and 19 Grove Street, Sandwich, MA, (the "Properties") which mortgage is filed with the Barnstable Registry of Deeds in Book 29914, Page 197, and an amendment to the mortgage recorded with the Barnstable Registry of Deeds in Book 30131Page 187 which constitute the first mortgage on each of the Properties and is attached as Exhibit C

4. The Second Note is secured by a mortgage of even date on the Properties known as 298 Route 6A, Sandwich, MA, the debtor's principal residence and 19 Grove Street, Sandwich, MA, which mortgage constitutes the second mortgage on each of the Properties and is filed with the Barnstable Registry of Deeds in Book 30688, Page 32, which mortgage is attached as Exhibit D.

5. On March 7, 2019 Joseph A. Vaudo, (the "Debtor") filed this Chapter 13 proceeding. The debtor filed an amended plan on May 24, 2019. No plan has been confirmed by the Court.

6. The Debtor has failed to make post petition payments directly to the Lender, and he is delinquent for three months payments. The total is $22,016.25 including the late fees. There is no provision in his plan or amended plan to make any post-petition payments to the lender or pay the prefiling arrears through the plan.

7. The plan states that his business will be sold to pay the Lender, but the business is being evicted for non-payment of rent. There is no reasonable expectation of a quick sale of the business.

8. The amended schedules show the debtor valued the Lender's collateral at 298 Route 6A as $585,200. and the value of 19 Grove Street as $352,100. The total is $937,300. which is substantially below the debt to the Lender of $1,090,236.00 as of the petition date, plus $23,216.25 post-petition for a total of $1,113,452.25 presently owed to the Lender.

9. The Lender estimates the liquidation value of 19 Grove Street, which was or is listed for sale at $595,000. at 10% less than the listing price or $535,500. That property is a residential property that is not the debtor's primary residence and is not necessary to an effective reorganization.

10. The Lender estimates the liquidation value of 298 Route 6A at $415,000, based on a 2/9/16 appraisal of $600,000, less a homestead amount of $125,000 less 10% liquidation discount of $60,000.

11. The Lender's has additional security on the debtor's personal property located at his business. The estimate of the liquidation value of the personal property at 8 Gallo Rd. Sandwich MA is zero as stated below.

12. The Lender lacks adequate protection of its interest in the Properties under 11

USC Sec. 362(d)(1) and to the extent the motion for relief from stay is denied for one or both of the Properties requests an order of adequate protection to require that the property be insured, the that Lender be named loss payee on the insurance, and that monthly post-petition payments to the Lender start immediately.

13. According to the debtor's schedules, the debtor does not have any equity in the Properties. The Properties are residential and not necessary to an effective reorganization of his business.

14. The Lender has a security interest in Joseph Vaudo's personal property at his place of business at 8 Gallo Road, Sandwich, MA. The debtor's schedules list the personal property at 8 Gallo Rd, Sandwich as assets of the business, and excluding the vehicles total $10,050.00 and the value of the vehicles at $51,500.00. The Lender does not have a security interest in the vehicles. The Lender does not know what assets at 8 Gallo Rd. are owned by the business and what assets are owned by the debtor. The Lender does not have a mortgage on the real estate at 8 Gallo Rd. which is not owned by Mr. Vaudo or the business, it is leased. The cost to construct a building on the leased premises is not relevant to a liquidation analysis because the lease states the building becomes the property of the landlord at the end of the lease. The debtor lists $938,221 as the valuation of the business location. It is not clear how that was determined.

15. A Prefiling Conference was requested by Lender's counsel 7 days before the motion was filed, but was not held. A certificate of conference is attached.

16. The Official Form 13 Worksheet is attached as Exhibit E. The debtor's own figures show that the plan is not feasible as the contemplated sale will not pay the Lender in full.

17. The Lender will be irreparably harmed unless the account is brought current post-petition or unless the Stay is lifted so as to permit the Lender to commence the foreclosure process.

WHEREFORE, the Lender respectfully requests that this Court:

a) enter an Order granting it relief from the automatic stay thereby authorizing it to exercise any and all of its contractual and state law rights and remedies against the Debtor, including, but not limited to, foreclosing the Mortgage held by the Lender on the property known and numbered as 298 Route 6A, Sandwich, MA, and 19 Grove Street, Sandwich, MA, (the "Properties"), and to take any actions necessary to obtain possession of the Properties;

(b) in the alternative order the debtor to provide Lender with adequate protection of his claim, and

(c) and grant such other further relief as this Court deems just and proper.

LENDER ANTHONY PREVETT
By his Attorneys,
Mayer, Antonellis, Jachowicz & Haranas, LLP


  /s/ Robert P. Jachowicz
Robert P. Jachowicz, Esq. BBO 248380
439 Worcester Road
Framingham, MA 01701
508-620-0140
rjachowicz@hkwg.com
Dated:     June _14,_2019

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                      )
IN RE:                                       )         Chapter 13
                                                      )
JOSEPH A VAUDO, Debtor         )         Case No. 19-10740
_____  )

## ORDER OF BANKRUPTCY JUDGE

Either after a hearing or no objections having been filed to the MOTION of Lender for relief from Automatic Stay to foreclose his mortgages, the Court makes the following entry:

    1. The Debtor is in default under the terms and provisions of the notes and mortgages.

    2. The automatic stay as provided by Section 362(d) and 1301(a) of the Bankruptcy Code is hereby modified to permit the Lender, its successors and assigns, without limitation, to proceed with the foreclosure of his mortgages covering:

        289 Route 6A, Sandwich, MA, and
        19 Grove Street, Sandwich, MA, (the "Properties")

in accordance with the terms of the notes, mortgages and applicable federal or state law.

    3. The automatic stay as provided by Sections 362(d) and 1301(a) of the Bankruptcy Code are hereby modified as to permit any party acquiring title to the mortgaged premises at the Lender's foreclosure sale, to subsequently evict the debtor from the property in accordance with applicable law.

    4. The fourteen day stay pursuant to Federal Rule 4001(a)(3) is waived.

    It is hereby ordered that the above be entered and allowed this _____ day of _____, 2019.

                                                    _____
                                                  United States Bankruptcy Judge