UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In Re:                                                                      Case No. 19-10740

Joseph A. Vaudo

## OBJECTION OF G-FOUR, LLC
## TO CONFIRMATION OF FIRST AMENDED CHAPTER 13 PLAN

       NOW COMES G-FOUR, LLC, a creditor in the above-referenced case and hereby objects to confirmation of Debtor's First Amended Chapter 13 Plan. As grounds herefor, G-FOUR, LLC states as follows:

       1.      On March 7, 2019, the Debtor filed this Chapter 13 Case.

       2.      The Creditor, G-FOUR, LLC, is the lessor/landlord of the property located at 8 Gallo Road, Sandwich, MA, in which the Debtor, Joseph A. Vaudo, leases pursuant to a Commercial Lease dated May 27, 2015. A true copy of said Lease is attached hereto as Exhibit 1. Debtor operates a retail and wholesale fish market doing business as Mr. Vaudo's Fish Market, Inc. on the leased premises.

       3.      Under the terms of the Lease, the base rent is currently $5,500.00 per month. See Lease, ¶4. Debtor has made no post-petition rent payments.

       4.      Under the terms of the Lease, Debtor is also required to pay property taxes of the leased property. See Lease, ¶5. Debtor has failed to make post-petition property tax payments.

       5.      Under the terms of the Lease, Debtor may not assign the Lease without the written consent of G-FOUR, LLC. See Lease, ¶8.

       6.      On May 24, 2019, Debtor filed his First Amended Chapter 13 Plan ("Plan").

       7.      While Debtor's Plan now provides for assumption of the Lease, in Section 8 of the Plan, Debtor is proposing to sell his business located on the leased property.

       8.      Insofar as Debtor's Plan is predicated on receiving income from his business to fund the Plan, a sale of the business – which purportedly benefits only the secured creditor, Anthony Prevett, would deprive the Debtor of the funds necessary to pay his unsecured creditors. Accordingly, the Plan is not feasible.

       9.      Additionally, the Plan fails to provide any specificity about the proposed sale in terms of pricing and timing and the disposition of the Lease, which common sense

dictates must be a subject of any sale. Without more specificity regarding the proposed sale of the business, particularly how the Debtor proposes to handle the Lease in any sale, the Plan is too vague to demonstrate feasibility.

WHEREFORE, G-FOUR, LLC requests that confirmation of Debtor's First Amended Chapter 13 Plan be denied.

DATED this 19th day of June, 2019.

Creditor,
G-FOUR, LLC,
By its attorney,

/s/ J. Alexander Watt
J. Alexander Watt
P.O. Box 881
Barnstable, MA 02630
(508) 362-1900
BBO #: 567994
law.jaw@verizon.net

## CERTIFICATE OF SERVICE

I, J. Alexander Watt, attorney for the Creditor, G-FOUR, LLC, hereby certify that I have forwarded a copy of the foregoing **OBJECTION OF G-FOUR, LLC TO CONFIRMATION OF FIRST AMENDED CHAPTER 13 PLAN** by mailing copies of same, First Class, postage prepaid, to the following interested parties, except where service is deemed to have been given electronically by the filing hereof pursuant to MLRB Appendix 8, Rule 9:

| | |
|---|---|
| Carolyn Bankowski<br>Chapter 13 Trustee<br>P.O. Box 8250<br>Boston, MA 02114-0033 | Peter Daigle, Esq.<br>for the Debtor<br>1550 Falmouth Road, Suite 10<br>Centerville, MA 02632 |
| Joseph A. Vaudo<br>P.O. Box 248<br>Sandwich, MA 02563 | Robert P. Jackowicz, Esq.<br>Mayer, Antonellis, Jackowicz &<br>  Harenas, LLP<br>439 Worcester road<br>Framingham, MA 01701 |
| John Fitzgerald<br>Office of the U.S. Trustee<br>5 Post Office Square<br>10th Floor, Suite 1000<br>Boston, MA | |

DATED this 19th day of June, 2019.

/s/ J. Alexander Watt
J. Alexander Watt